248.855.6500 | 48334-1567 | MI | Farmington Hills | Suite 200 | 32300 Northwestern Highway | Attorneys And Counselors | FINKEL WHITEFIELD SELIK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TRUSTEES OF THE PAINTERS
UNION DEPOSIT FUND, a Voluntary
unincorporated trust,                                       CASE NO.
                                                            HON.

       Plaintiff,

vs.

G.P. FINE FINISH DRYWALL, INC., a
Michigan corporation and GARY PLATER,
Individually, jointly and severally,

Defendants.
_____/

FINKEL WHITEFIELD SELIK
RICHARD M. SELIK (P24276)
MARK MERLANTI (P35804)
Attorneys for Plaintiff
32300 Northwestern Highway, Suite 200
Farmington Hills, MI 48334-1567
248/855-6500
_____/

## COMPLAINT

Plaintiff, by and through its attorneys, FINKEL WHITEFIELD SELIK, complains against Defendants as follows:

1.      Plaintiff is a voluntary, unincorporated trust, having its principal place of business in Southfield, Oakland County, Michigan.

2.      Defendant, G.P. Fine Finish Drywall, Inc. ("Fine Finish") is a Michigan corporation with its principal place of business located at 22506 Hillcrest Drive, in the City of Woodhaven, Wayne County, Michigan and is an employer in an industry affecting commerce

within the meaning of Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. 185 (hereinafter "the Act").

3.      Defendant Gary Plater ("Plater") is an individual who, upon information and belief, resides in the City of Woodhaven, Wayne County, Michigan.  At all times relevant hereto, Defendant Plater was an officer of Defendant Fine Finish.

4.      Jurisdiction of this Court is predicated on Section 301 of the Act, this being a suit for violation of a contract between an employer and labor organization representing employees in an industry affecting interstate commerce.

5.      Jurisdiction of this Court is further predicated on Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. 1132, 1145 (hereinafter "ERISA"), this being a civil suit on behalf of named fiduciaries to enforce Defendants' obligations under the terms and conditions of a certain collective bargaining agreement and pension and employee benefit plan documents, and to enjoin certain acts and practices of Defendants which violate the terms and conditions thereof.

6.      On October 1, 2007, Defendants entered into a collective bargaining agreement with Painters District Council No. 22 of the International Brotherhood of Painters and Allied Trades (AFL-CIO), hereinafter "the Painters Union."  A copy of the collective bargaining agreement is attached as **Exhibit A**.  Defendant Plater is an individual signatory to said agreement, having personally guaranteed the payment of wages and all other payments (fringe benefits) to be paid pursuant to the collective bargaining agreement.

7.      Under the collective bargaining agreement, Defendants became obligated to make periodic payments to Plaintiff for various employee benefit funds established under the collective bargaining agreement.  These payments represented a portion of wages earned by

2

the employees of Defendant Fine Finish who are members of the Painters Union, and who work within the jurisdiction of the Painters Union.

8.      Pursuant to the above-referenced collective bargaining agreement, Plaintiff is a collection fund created to coordinate the activities of the various employee benefit funds on behalf of the Painters Union, including, but not limited to the collection of contributions thereto and the prosecution of delinquencies.   Plaintiff is a third-party beneficiary of the collective bargaining agreement.

9.      The collective bargaining agreement and employee benefit fund trust agreement, adopted by reference therein, require Defendant Fine Finish to submit weekly reports which indicate the amount of contributions that said Defendant Fine Finish is obligated to pay, and further requires that all payments to the various fringe benefit funds be made on a timely basis.   Said agreement further provides for the assessment of liquidated damages in the event payment is not made on a timely basis.

10.     The collective bargaining agreement, (Article XVIII, Section 2), authorizes the Plaintiff to make regular audits of Defendant Fine Finish's payroll records to ascertain whether Fine Finish has fully complied with its obligation to pay fringe benefit contributions.

11.     Plaintiff conducted a payroll audit of Fine Finish's records dated September 15, 2017 covering the periods of April 1, 2016 through March 31, 2017 ("Audit Period").   This audit disclosed that Defendant Fine Finish failed to accurately report a net total of 171.75 hours of work on behalf of its employees, resulting in liability to Plaintiff in the amount of 3,794.30, **Exhibit B**.

12.     On September 5, 2018, Plaintiff conducted a second payroll audit of Fine Finish covering the period of April 1, 2017 through March 31, 2018. This second audit disclosed that

FINKEL WHITEFIELD SELIK | Attorneys And Counselors | 32300 Northwestern Highway | Suite 200 | Farmington Hills | MI | 48334-1567 | 248.855.6500

3

Defendant Fine Finish failed to accurately report a total of 385 hours of work on behalf of its employees, resulting in liability to Plaintiff in the amount of 8,531.08, **Exhibit C**.

13.     Defendants have violated the terms of the collective bargaining agreement with the Painters Union and the various trust agreements incorporated therein by reference by failing to pay the required amount of fringe benefit contributions for the periods described in Paragraphs 11 and 12 and as reflected in the referenced two payroll audits attached hereto.

14.     Defendant's failed to pay the required fringe benefit contributions for the period of February 2019 through May 2019. Based on the weekly payroll reports submitted by Defendants for this period, the required fringe benefit contribution is $41,961.28.

15.     The total amount of fringe benefit contributions owed to Plaintiff by Defendants for the unreported hours reflected in these two payroll audits and the failure to make the fringe benefit contributions as described in paragraph 14, is $54,286.66. In addition, Defendants are liable for liquidated damages of $10,857.33, representing an amount equal to 20% of the delinquent fringe benefit contributions, pursuant to Article XVIII, Section 3 of the collective bargaining agreement.

16.     As a result of the foregoing, Defendants are indebted to Plaintiff in the total amount of $65,143.99, plus any amounts not paid for any periods after May, 2019 (plus applicable liquidated damages), the amount of which is presently not known, as to date, Defendants made the fringe benefit contributions for the first four weeks of June 2019.

17.     Defendant Plater, as a personal guarantor of all payments owed under the collective bargaining agreement, is personally liable for all amounts owed.

FINKEL WHITEFIELD SELIK | Attorneys And Counselors | 32300 Northwestern Highway | Suite 200 | Farmington Hills | MI | 48334-1567 | 248.855.6500

18.     The Defendants have failed and refused to pay these sums and otherwise comply with the provisions of the collective bargaining agreement, relating to the payment of fringe benefit contributions.

19.     Defendants have further acted in concert to breach the obligations of the business entity to pay contributions to the Funds and to divert money paid to Defendants to be held in trust for the Funds.

20.     Defendant Fine Finish's persistent flaunting of its contractual and statutory obligations to submit contribution reports and pay contributions in a timely manner constitutes willful dereliction of Defendant Fine Finish's obligations.  Such dereliction has caused and will continue to cause irreparable injury to the participants and beneficiaries of the Funds, through jeopardizing their rights to benefits necessary to their health and well-being to which those beneficiaries are entitled.

21.     The actions of Defendant Fine Finish described above threaten and continue to threaten the financial integrity of the Funds and impair their capacity to formulate funding standards, as well as cause the Funds to lose the monetary benefit of investment income which could be realized if Defendant Fine Finish's fringe benefit contributions were remitted in a timely fashion.

22.     The actions of Defendant Fine Finish described above constitute actual threats of irreparable injury to the Funds and their participants and beneficiaries for which there is no adequate remedy at law, and public policy supports enjoining Defendant Fine Finish's activities.

23.     The Funds have diligently requested Defendant Fine Finish to submit contribution reports and pay contributions in a timely manner and to otherwise comply with

FINKEL WHITEFIELD SELIK  |  Attorneys And Counselors  |  32300 Northwestern Highway  |  Suite 200  |  Farmington Hills  |  MI  |  48334-1567  |  248.855.6500

FINKEL WHITEFIELD SELIK | Attorneys And Counselors | 32300 Northwestern Highway | Suite 200 | Farmington Hills | MI | 48334-1567 | 248.855.6500

its obligations so as not to impair the rights of the Funds and their participants and beneficiaries, but Defendant Fine Finish continues to violate its contractual and statutory obligations to the detriment of the Funds and their participants and beneficiaries.

24.     Under Section 502 of ERISA, 29 U.S.C. '1132, when the trustees of multiemployer fringe benefit funds obtain a judgment in favor of the funds in litigation to collect unpaid contributions, the Court shall award the greater of interest or liquidated damages provided for by the funds, in an amount not be exceed twenty percent of the unpaid contributions.

25.     Under Section 502 of ERISA, 29 U.S.C. '1132, when the trustees of multiemployer fringe benefit funds obtain a judgment in favor of the funds in litigation to collect unpaid contributions, the court shall award . . . reasonable attorney fees and costs of the action, to be paid by the defendants, as well as interest on the unpaid contributions pursuant to statute.

26.     Defendants may have engaged in a pattern of fraud to avoid paying required fringe benefit contributions to the Funds, and engaged in misconduct which includes converting money paid to Defendant Fine Finish for the purpose of paying fringe benefit contributions to the Funds, retaining money required to be held in trust under the Michigan Builders Trust Fund Act, M.C.L.A. " 570.151-53 for the benefit of Defendant Fine Finish's employees, withholding money from employee wages for transfer to the Funds but failing to do so, failing to submit monthly reports containing information about work performed by Defendant Fine Finish's employees and intentionally engaging in a scheme to deprive the Funds of money owing to them.

27.     As officer, owner and person who makes decisions with respect to the business entity's compliance with their obligations to the Funds, and who operates the business entity as alter ego of himself for his benefit, special circumstances exist to dictate that the individual Defendant Plater maintains responsibility for the business entity's compliance with its obligations to the Funds, on the basis that Defendant Plater is an alter ego of the business entity, and Defendant Plater, with fraudulent intent, improperly diverted money which the business entity and any other entity composing Defendant was required to hold in trust for payment of fringe benefit contributions to the Funds under the Michigan Builders Trust Fund Act, M.C.L.A. "570.151-53, 29 C.F.R. '2510.3-102 and ERISA, exclusive of other reasons which may independently dictate that Defendant Plater maintains responsibility for the business entity's compliance with its obligations to the Funds.

28.     Defendant Plater is a fiduciary of the Funds as a result of his exercise of authority or control over unpaid fringe benefit contributions that constitute assets of the Funds.  Defendant Plater breached his fiduciary duties to the Funds by electing to use money within his authority or control for purposes other than paying required fringe benefit contributions to the Funds.

WHEREFORE, Plaintiff prays:

A.     That this Court enter judgment against Defendants Fine Finish and Plater, jointly and severally, and in favor of Plaintiff in the amounts that are determined to be the correct amounts owing by Defendants, which as of this date is in an amount of not less than $65,143.99, plus interest for the delinquent contributions, liquidated damages, costs and attorney fees incurred by Plaintiff in the preparation, institution and prosecution of this proceeding;

FINKEL WHITEFIELD SELIK | Attorneys And Counselors | 32300 Northwestern Highway | Suite 200 | Farmington Hills | MI | 48334-1567 | 248.855.6500

B.      That this Court decree specific performance of the trust provision and collective bargaining agreement obligations of Defendants Fine Finish and Plater;

C.      That this Court grant such other and further legal and/or equitable relief as may be deemed appropriate.

Respectfully Submitted,
FINKEL WHITEFIELD SELIK

/s/ Mark Merlanti_____

Dated: July 11, 2019                    RICHARD M. SELIK (P24276)
MARK MERLANTI (P35804)
Attorneys for Plaintiff
32300 Northwestern, Suite 200
Farmington Hills, MI 48334-1567
(248) 855-6500

8